UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES )<br>INTERNATIONAL UNION NATIONAL )<br>INDUSTRY PENSION FUND, *et al.*, )<br>)<br>  Plaintiffs, )<br>)<br>  v. )<br>)<br>APOLLO DETECTIVE AGENCY, INC. )<br>)<br>)<br>  Defendant. ) | Civil Action No. 05-2096(JDB) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT

Plaintiffs Service Employees International Union National Pension Fund and its Board of Trustees are entitled to judgment by default against Defendant Apollo Detective Agency, Inc. in the amount of $49,046.89 for the following reasons:

**Background**

1. This is an action by a multiemployer pension plan and its Trustees to collect delinquent employer contributions and related amounts pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

2. The Plaintiffs provide retirement and related benefits to eligible participants and their beneficiaries. (Declaration of Tearyn Parroff ("Parroff Dec.") ¶ 4.)

3. At all relevant times, Defendant has been a party to a collective bargaining agreement with Service Employees International Union Local 1 which obligates Defendant to contribute

to Plaintiffs on behalf of covered employees $.10 per hour. (Parroff Dec ¶ 5 and Exhibit 1.) Plaintiffs filed this suit because Defendant failed to satisfy its obligation to Plaintiffs. (*See* Parroff Dec. ¶¶ 7-8.)

4. The Trustees of the Fund have adopted a Policy for the Collection of Delinquent Contributions ("Collection Policy") (Exhibit 2) binding all contributing employers. The Collection Policy provides that an employer who fails to submit required contributions and reports by the end of the month in which they are due shall be obligated to pay the Fund interest at the rate of 10% per annum. In addition, the Collection Policy provides that if an employer fails to submit contributions and reports by the 15th day of the month following the month in which they are due, the employer shall pay the Fund liquidated damages in the amount of 5% of the amount owed. If contributions are delinquent at the time suit is filed, liquidated damages increase to 20% of the amount of the delinquency. (Exhibit 2, §2, ¶4 and §5, ¶2). ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides that liquidated damages may be obtained as relief in the amount of 20%, if so provided by the Plan. A delinquent employer is also liable for interest, liquidated damages and attorneys fees, in accordance with ERISA Section 502(g)(2).

## Proceedings in this Court

5. On October 26, 2005, Plaintiffs filed their Complaint. (Docket Entry #1).

6. Defendant was served with a Summons and copy of the Complaint on November 2, 2005. (Docket Entry #4)

7. Under Fed. R. Civ. P. 12(a), the time for Defendant to answer or otherwise respond to the Complaint has expired.

8. Defendant has not filed or served an answer or other response to the Complaint, nor has it appeared in this action. (Washington Dec., ¶¶ 5-6). Accordingly, Plaintiffs are entitled to judgment by default under Fed. R. Civ. P. 55(b)(2).

9. On December 28, 2005, the Clerk of the Court entered an Order of Default. (Docket Entry #5)

**Damages**

10. Based on Plaintiffs' records, Defendant owes Plaintiffs contributions in the amount of $25,974.52. (Parroff Dec., ¶¶ 7-8 and Exhibit 3).

11. In accordance with 29 U.S.C. §§ 1132(g)(2)(B)-(C), Plaintiffs are entitled to interest in the amount of $16,556.64 and liquidated damages in the amount of $6,170.73 (Parroff Dec., ¶8).

12. Plaintiffs have incurred costs of $345.00 in connection with its prosecution of this case. (Washington Dec., ¶7). Defendant is obligated to reimburse Plaintiffs for these fees and costs. (Parroff Dec., ¶ 6) *See also* 29 U.S.C. § 1132(g)(2)(D) ("the court shall award the plan … reasonable attorney's fees and costs of the action, to be paid by the defendant").

**Conclusion**

For the foregoing reasons, the Motion for Judgment by Default should be granted and the Court should award Plaintiffs judgment against Defendant in the amount of $49,046.89.

                              Respectfully submitted,
                              /s/ Eunice H. Washington
                              Eunice H. Washington
                              DC Bar No. 438477
                              SEIU Benefit Funds Legal Department
                              1313 L Street, N.W.
                              Washington, D.C. 20005
                              202) 626-1440
                              Attorney for Plaintiffs

Dated: February 16, 2006